UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL QUINTON MITCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>NELINDA RHODE, Nurse, Sick Call at Minnehaha, in her individual and official capacities; TAYLOR ROBERTS, Health Service Director at Minnehaha Jail, in her official capacity; DIRECTOR; DR. LUTHER,<br><br>Defendants. | 4:23-CV-04098-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND 1915A SCREENING OF AMENDED COMPLAINT |

Plaintiff Paul Quinton Mitchell, an inmate at the Minnehaha County Jail, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. The Court granted Mitchell's motion for leave to proceed in forma pauperis and screened his complaint. Doc. 6. Mitchell now moves to add new defendants. Doc. 15.

This Court construes Mitchell's motion to add new defendants as a motion to amend his complaint. Under Federal Rule of Civil Procedure 15(a)(1)(A), Mitchell may amend his complaint once as a matter of course within "21 days after serving it[.]" Mitchell filed his motion to amend prior to serving the defendants. See Doc. 15. Thus, Mitchell's motion to amend is timely under Rule 15(a)(1)(A), so this Court grants Mitchell leave to amend his complaint. This Court will now screen Mitchell's amended complaint under 28 U.S.C. § 1915A.

I.      **Factual Allegations of Mitchell's Amended Complaint**

Mitchell alleges that the Director and Dr. Luther violated his constitutional rights by directing Taylor Roberts to provide him an oral solution prescribed to another inmate. Doc. 15

at 1. Mitchell claims that he received an oral solution that listed another inmate's name on the prescription, Walker L. #2222433. Doc. 1 at 5. He states that his name should have been on the prescription based specifically on his medical needs. Id. The incorrect name on the prescription caused Mitchell "serious stress" because he was "unaware of what it could do [because] it wasn't meant for [him.]" Id. Mitchell originally named Roberts as the sole defendant responsible for him receiving medicine prescribed to another inmate. Id. But he claims that after carefully reviewing correspondence and grievances, he has come to realize that "Roberts was only taking orders from her supervisors when all of this was taking place." Doc. 15 at 1. Mitchell alleges that he received the solution at the direction of Roberts's bosses, the Director and Dr. Luther. Id.; Doc. 16 at 15–16.

Mitchell does not specify if he is suing the Director and Dr. Luther in their individual or official capacities.[1] Doc. 15. In Mitchell's original complaint, he requested that defendants be held responsible and asks for $500,000.00 in damages for discomfort, pain, and suffering. Doc. 1 at 7. In the alternative, Mitchell asks the Court to dismiss the charges against him, release him from parole, and permit him to leave South Dakota and return to California. Id.

## II.   Legal Standard

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this

---

[1] Because Mitchell does not specify whether he is suing the Director and Dr. Luther in their individual capacity or official capacity, the suit is treated as if only including official capacity claims. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). Thus, this Court deems Mitchell to be suing Director and Dr. Luther in their official capacities.

construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 556). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### III. Mitchell's Causes of Action

#### A. Claims Against the Defendants in their Official Capacities for Money Damages

Mitchell brings claims against the Director and Dr. Luther in their official capacities as employees of the Minnehaha County Jail. Doc. 1 at 2; Doc. 15 at 1. "A suit against a government officer in his [or her] official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Mitchell's claims against the Director and Dr. Luther in their official capacities are the equivalent of a lawsuit against Minnehaha County. See id.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694 (1978). "A county may be liable for violation of constitutional rights if the violation was caused by its customs or policies." American Horse v. Pennington Cnty., CIV. 17-5034-JLV, 2017 WL 2539757, at *2, 2017 U.S. Dist. LEXIS 89459, at *4 (D.S.D. June 12, 2017) (citing Crawford v. Van Buren Cnty., Ark., 678 F.3d 666, 669 (8th Cir. 2012)).

To establish local governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (quoting Corwin v. City of Indep., Mo., 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citing Doe ex rel. Doe v. Sch. Dist., 340 F.3d

605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Mitchell does not make claims regarding official policies or unofficial customs. See Doc. 15. He does not claim that the Director or Dr. Luther have a custom of directing that medication meant for one inmate be given to another. See id. Thus, Mitchell's claims against the Director and Dr. Luther in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### B.   Official Capacity Claims for Injunctive Relief

The only injunctive relief Mitchell requests is dismissal of the charges against him, release from parole, and permission to leave South Dakota and return to California. Doc. 1 at 7. A district court cannot grant release from confinement in a § 1983 action; a federal habeas petition is the proper method of seeking release from confinement. Preiser v. Rodriguez, 411 U.S. 475, 484–85. Because this Court is unable to grant the only injunctive relief Mitchell requests, Mitchell's claims for injunctive relief against all defendants in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

During the prior 1915A screening of Mitchell's original complaint, Doc. 1, this Court held that Mitchell's Eighth Amendment claims against Rhode in her individual[2] and official capacities and Roberts in her official capacity survived 1915A screening. Doc. 6 at 9–10. "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity

---

[2] Mitchell has not alleged any facts altering his claim against Rhode in her individual capacity. Thus, the portion of the Court's screening finding that Mitchell's claims against Rhode in her individual capacity survived 1915A screening is not vacated. See Doc. 6 at 9–10.

defendants only for injunctive relief." Bird v. Mertens-Jones, 4:21-CV-04197-KES, 2023 WL 1785572, at *8, 2023 U.S. Dist. LEXIS 21230, at *23 (D.S.D. Feb. 6, 2023) (quoting Brown v. Montoya, 662 F.3 1152, 1161 n.5 (10th Cir. 2011)). Because the Court is unable to grant the only injunctive relief Mitchell requests, Mitchell's claims against Rhode and Roberts in their official capacities fail to state a claim upon which relief can be granted. Thus, the portion of this Court's prior 1915A screening, Doc. 6, allowing Mitchell's Eighth Amendment deliberate indifference to serious medical needs claims against Rhode and Roberts in their official capacities to survive screening is vacated and these claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Accordingly, it is

ORDERED that Mitchell's motion to amend, Doc. 15, is granted. It is further

ORDERED that Mitchell's official capacity claims for money damages are dismissed against the Director and Dr. Luther without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). It is further

ORDERED that Mitchell's claims for injunctive relief against all defendants in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that the portion of the Court's 1915A screening, Doc. 6, allowing Mitchell's Eighth Amendment deliberate indifference to serious medical needs claims against Rhode and Roberts in their official capacities to survive screening is vacated and these claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that the portion of the Court's 1915A screening, Doc. 6, directing the United States Marshals Service to serve Roberts is vacated. It is finally

ORDERED that Mitchell will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Civil Local Rules while this case is pending.

DATED October 31st, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE