UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PAUL QUINTON MITCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>NELINDA RHODE, Nurse, Sick Call at Minnehaha; in her individual capacity;<br><br>Defendant. | 4:23-CV-04098-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

On June 21, 2023, Plaintiff Paul Mitchell, an inmate at the Minnehaha County Jail, filed a pro se 42 U.S.C. § 1983 Complaint against numerous defendants in their official and individual capacities, alleging violations of his Eighth Amendment rights. Doc. 1. After a § 1915A screening, all claims except Mitchell's claim for deliberate indifference based on the failure to render medical care against Defendant Nelinda Rhode in her individual capacity were dismissed. Doc. 6. On May 1, 2024, Rhode filed a motion for summary judgment along with a statement of material facts. Docs. 27, 28. Pursuant to the Rule 16 Scheduling Order, Mitchell was required to respond to Rhode's motion for summary judgment by May 22, 2024. Doc. 22. He failed to do so. This Court now grants Rhode's motion for summary judgment.

I.  **Facts[1]**

---

[1] The facts are taken from Rhode's statement of undisputed material facts. Under Local Rule, the party opposing a motion for summary judgment "must respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record." D.S.D. Civ. LR 56.1.B. Mitchell's failure to do so means that "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted." D.S.D. Civ. LR 56.1.D.

Mitchell is an inmate at Minnehaha County Jail ("MCJ"). Doc. 28 at 1. On October 5, 2019, Mitchell began complaining to MCJ medical staff about "epigastric pain." Id. He also reported experiencing heart burn and that he was under a lot of stress. Id. Mitchell visited with medical staff again on October 7, 2019, continuing to complain of abdominal pain. Doc. 30-1 at 5. To aid with the discomfort, Rhode prescribed Mitchell Omeprazole, Tums, and Pepto-Bismol. Doc. 28 at 1. Staff also ordered bloodwork and a urinalysis. Id. Mitchell's bloodwork showed a slightly elevated white blood cell count and an absolute neutrophil count within the normal range. Id. at 2. On October 10, 2019, Rhode asked that Mitchell be reassessed to determine the effectiveness of his medication. Id. Mitchell was evaluated again on October 11, 2019, and he reported "Omeprazole is working wonderfully for him." Id. Mitchell was not evaluated by Rhode after October 11. Id. About a week later, Mitchell was transferred to the South Dakota State Penitentiary Jameson Annex, where he was again seen by medical staff for abdominal pain. Id. On October 22, 2019, bloodwork showed Mitchell had increased white blood cell count. Id. at 3. As a result, medical staff at the Jameson Annex recommended Mitchell be transported to the emergency room for a CT scan. Id. Mitchell received a CT scan at Avera McKennan Hospital, which showed a thickened small bowel at the terminal ileum with an abscess in the right upper abdominal quadrant. Id. He was admitted for further treatment and prescribed antibiotics. Id. On October 26, he was discharged from the hospital. Id. Mitchell filed his complaint on June 21, 2023, alleging Rhode "neglected [his] needs for medical attention," referring to his visit on October 5, 2019. Doc. 1 at 1, 6.

**II.     Summary Judgment Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, the evidence is "viewed in the light most favorable to the nonmoving party." True v. Nebraska, 612 F.3d 676, 679 (8th Cir. 2010) (citation omitted). There is a genuine issue of material fact if "a reasonable jury [could] return a verdict for either party" on a particular issue. Mayer v. Countrywide Home Loans, 647 F.3d 789, 791 (8th Cir. 2011). A party opposing a properly made and supported motion for summary judgment must cite to particular materials in the record supporting the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145 (8th Cir. 2012). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007). When a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it." Fed. R. Civ. P. 56(e); see also D.S.D. Civ. LR 56.1(D).

### III. Discussion

Rhode asserts that Mitchell's claim is time-barred by the statute of limitations. While § 1983 does not contain a specific statute of limitations, the Supreme Court of the United States has instructed courts to apply the most analogous state statute of limitations to claims made under § 1983. Wilson v. Garcia, 471 U.S. 261, 266–68 (1985). South Dakota has a specific statute of limitations governing civil rights actions and requiring such actions to be brought within three years after the alleged constitutional deprivation occurred. SDCL § 15-2-15.2; see also Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996). While the length of the limitations period is a matter of state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not

resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, the general rule is that "accrual occurs when the plaintiff has a complete and present cause of action . . . . [T]hat is, when the plaintiff can file suit and obtain relief [.]" Id. (cleaned up).

The earliest possible accrual date for Mitchell's claim is October 5, 2019, when he first visited Rhode to discuss his abdominal pain. However, Mitchell did not become aware of the specific cause of his pain until his CT scan on October 22, 2019. Some courts have held that the accrual date for a claim for deliberate indifference based on the failure to render medical care is "when the plaintiff knows of his physical injury and its cause." Devbrow v. Kalu, 705 F.3d 765, 768 (7th Cir. 2013); see also Johnson v. Chudy, 822 Fed. Appx. 637, 639 (9th Cir. 2020) (holding accrual date for deliberate indifference to medical needs claim was upon receiving a cancer diagnosis rather than when plaintiff began experiencing symptoms). This Court need not decide on which specific date the claim accrued because even at the latest, Mitchell filed his complaint too late. Assuming the accrual date was October 22, 2019, South Dakota's three-year statute of limitations required Mitchell to file his complaint by October 22, 2022. Mitchell filed his complaint on June 21, 2023. By then, his claims were time-barred. Thus, Rhode is entitled to summary judgment.

### IV. Conclusion

For these reasons, it is

ORDERED that Rhode's motion for summary judgment, Doc. 27, is granted.

DATED this 10th day of September, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE